UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**STRIKE 3 HOLDINGS, LLC,**

    **Plaintiff,**

v.                                              Case No. 8:24-cv-2482-KKM-AAS

**JOHN DOE subscriber assigned
IP address 173.171.138.123,**

    **Defendant.**

_____/

## ORDER

Plaintiff Strike 3 Holdings, LLC (Strike 3), requests leave to serve a third-party subpoena prior to Rule 26(f) Conference. (Doc. 7). For the reasons below, the motion is granted.

### I.  BACKGROUND

Strike 3 initiated this action in October 2024, alleging copyright infringement against an unnamed defendant (Doe Defendant). (Doc. 1). According to Strike 3, the Doe Defendant unlawfully reproduced and distributed Strike 3's copyrighted works using the internet and a peer-to-peer file sharing protocol known as BitTorrent. (*Id.*). Because of its investigation, Strike 3 has identified the Doe Defendant's Internet Protocol (IP) address

1

(i.e., 35.145.164.152) as the one from which the allegedly infringing conduct occurred. (*Id.*).

Strike 3 now moves for leave to engage in limited, expedited discovery with the Doe Defendant's Internet Service Provider (ISP), Spectrum, to learn the Doe Defendant's identity. (Doc. 7).

## II.   ANALYSIS

Rule 26(b) of the Federal Rules of Civil Procedure governs the scope of discovery. That rule provides that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"Under Rule 26(d)(1), a party generally may not seek discovery from any source before the Rule 26(f) conference absent an order of the court or other special circumstance. The court may grant a party expedited discovery prior to the Rule 26(f) conference upon a showing of 'good cause.'" *Strike 3 Holdings, LLC v. Doe*, No. 8:22-cv-1552-KKM-CPT, 2022 WL 2967419, at *1 (M.D. Fla. July 27, 2022) (internal citations omitted).

2

Through the affidavits attached to its motion, Strike 3 "has sufficiently alleged infringement; it does not have another way to discover the alleged infringer's identity to proceed with the litigation; and [internet service providers] rarely maintain the information for long." *Strike 3 Holdings, LLC v. Doe*, No. 5:22-cv-144-JA-PRL, 2022 WL 952735, at *1 (M.D. Fla. Mar. 30, 2022). "Other courts have frequently concluded there is good cause for limited, early discovery on similar facts." *Strike 3 Holdings, LLC v. Doe*, No. 8:22-cv-765- KKM-CPT, 2022 WL 1721034, at *1 (M.D. Fla. May 27, 2022) (citing cases). Strike 3 has thus established good cause for expedited discovery.

### III. CONCLUSION

Accordingly, it is **ORDERED**:

(1) Strike 3's Motion for Leave to Serve Third-Party Subpoena Prior to Rule 26(f) Conference (Doc. 7) is **GRANTED**. Strike 3 may serve Spectrum with a subpoena to determine the identity of the subscriber assigned the IP address 35.145.164.152. Strike 3 must include a copy of the complaint (Doc. 1), the attachments thereto, and this order with the subpoena.

(2) Spectrum must provide written notice to the subscriber within twenty-one days of service of the subpoena, informing the subscriber that identifying information has been requested under a Rule 45 subpoena and

that the subscriber has the right to challenge that subpoena. Spectrum must also provide a copy of this order with the written notification.

(3)   The subscriber has fourteen days from the date of Spectrum's written notification to move to quash or otherwise challenge Strike 3's subpoena. The subscriber must serve a copy of his or her motion on both Strike 3's counsel and Spectrum.

(4)   Spectrum must produce the subpoenaed information to Strike 3 no earlier than twenty-one days after written notification is provided to the subscriber. If, however, the subscriber moves to quash or otherwise challenges the subpoena, Spectrum must not provide the subpoenaed information until the court has resolved the subscriber's challenge.

**ENTERED** in Tampa, Florida on November 14, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge